IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAY R. WILLIAMS,

    Plaintiff,

vs.                                                                    No. CIV 07-1219 MCA/LFG

CITY OF ALBUQUERQUE and
OFFICERS JOHN DOE 1-6,

    Defendants.

## ORDER

**THIS MATTER** comes before the Court on pro se Plaintiff Ray R. Williams' *Request for an Order of Default against the Albuquerque Police Department* ("APD"), filed April 22, 2008 [Doc. 4]; on APD's *Motion to Dismiss Albuquerque Police Department* [Doc. 8], filed April 30, 2008; on APD's *Motion to Strike Plaintiff's Response to Albuquerque Police Department (sic) Reply in Support of Motion to Dismiss* [Doc. 14], filed June 9, 2008; on Williams' *Motion to Include Response to Albuquerque Police Department Motion to Dismiss* [Doc. 15], filed June 23, 2008; on APD's *Motion to Strike Amended Complaint* [Doc. 25], filed August 27, 2008; and on Williams' Motion for Default Judgment [Doc. 30], filed December 29, 2008. The Court, having considered the parties' arguments and the relevant law, and otherwise being fully advised in the premises, finds that APD's motion to strike the Amended Complaint and Williams' second motion for default judgment should be DENIED, and that the other motions listed above should be DENIED as moot.

## PROCEDURAL BACKGROUND

Williams filed a Complaint alleging violation of 42 U.S.C. § 1983 against APD on December 3, 2007, *see* Doc. 1, and served APD at its main office in Albuquerque on February 27, 2008, *see* Doc. 3. When APD did not file an answer to the Complaint within twenty days of service, Williams

requested an order of default.  *See* Doc. 4.  In response, APD contends that it is not a separately-suable entity; that the City of Albuquerque would be the proper Defendant; and that proper service of process would be on the City Clerk.  *See* Doc. 7 at 1-2.  APD subsequently filed its motion to dismiss, again contending only that it is not a separately-suable entity.  *See* Doc. 14 at 1-3.

On August 5, 2008, the parties filed a Joint Status Report and Provisional Discovery Plan specifically agreeing that Williams would have until September 11, 2008 to amend his pleadings and join additional parties.  *See* Doc. 20 at 2.  The Court placed the case on an administrative case-management track and stayed discovery pending resolution of APD's motion to dismiss.  *See* Doc. 23.  On August 26, Williams filed an Amended Complaint deleting APD as a Defendant and adding the City of Albuquerque and six John Doe Defendant Officers, *see* Doc. 24, but he did not first seek leave of the Court as required by FED. R. CIV. P. 15(a)(2).  Further, he apparently never properly served a copy of the Amended Complaint on the City or its officers.

APD filed a motion to strike the Amended Complaint based only on Williams' failure to first seek leave of the Court.  *See* Doc. 25.  In its reply brief, APD argued that, if the Court liberally construed Williams' response to the motion to strike the Amended Complaint as a request for leave to amend, leave should not be granted because it would be futile on the grounds of qualified immunity, and it attached copies of the incident report and of the bench warrant.  *See* Doc. 27 at 2-3 & Exs. A&B.

Williams filed a motion for default judgment against the City and its Officers on the Amended Complaint, and the City recently filed a motion for summary judgment based on qualified immunity.  *See* Doc. 32.  Williams has not responded to the motion.

## ANALYSIS

Because Williams is proceeding pro se, the Court reviews his pleadings and other filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. United States Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007). The Federal Rules of Civil Procedure provide that a court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). There is no showing in this case of undue delay or prejudice, bad faith, dilatory motive, or failure to cure deficiencies. Although APD argues that amendment would be futile because the officers involved were entitled to qualified immunity, because the argument was made only in a reply brief and Williams has not had a full opportunity to address the issue, the Court will not deny Williams the opportunity to amend his Complaint to substitute the proper Defendants. *See McCormick v. City of Lawrence*, Nos. 03-3127, 03-3184, 99 Fed. Appx. 169, 176, 2004 WL 882146, **6 (10th Cir. April 26, 2004) (refusing to find that "the district court abused its discretion in refusing to consider arguments and exhibits [regarding absolute immunity that the defendant] did not submit until his reply brief") (unpublished). The City has now made the same arguments in its motion for summary judgment as APD made in its reply brief, and the Court will consider them when it addresses that motion. The Court will deny the motion to strike the Amended Complaint.

Because the original complaint that is the subject of: (I) Williams' request for an order of default; (ii) APD's motion to dismiss: (iii) APD's motion to strike a surreply; and (iv) Williams' motion to include that surreply is no longer the operative pleading in this case, those motions must be denied as moot. And because Williams has not shown that he is entitled to default judgment on

3

the Amended Complaint that has never been properly served, that motion shall also be denied.

**IT IS, THEREFORE, ORDERED** that Williams' *Request for an Order of Default against the Albuquerque Police Department* [Doc. 4] is DENIED as moot; that APD's *Motion to Dismiss Albuquerque Police Department* [Doc. 8] is DENIED as moot; that APD's *Motion to Strike Plaintiff's Response to Albuquerque Police Department (sic) Reply in Support of Motion to Dismiss* [Doc. 14] is DENIED as moot; that Williams' *Motion to Include Response to Albuquerque Police Department Motion to Dismiss* [Doc. 15] is DENIED as moot; that APD's *Motion to Strike Amended Complaint* [Doc. 25] is DENIED; and that Williams' Motion for Default Judgment [Doc. 30] is DENIED.

**SO ORDERED** this 23rd day of March, 2009, in Albuquerque, New Mexico.

									_____
									**M. CHRISTINA ARMIJO**
									United States District Judge