**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**RAY R. WILLIAMS,**

    **Plaintiff,**

vs.                                              **No. CIV 07-1219 MCA/LFG**

**CITY OF ALBUQUERQUE and**
**OFFICERS JOHN DOE 1-6,**

    **Defendants**.

**MEMORANDUM OPINION AND ORDER DISMISSING CASE**

**THIS MATTER** comes before the Court on the City of Albuquerque's *Motion for Summary Judgment*, filed January 20, 2009 (Doc. 32). Plaintiff Ray R. Williams has failed to respond to the motion. The Court, having considered the City's arguments, the record, and the relevant law, and otherwise being fully advised in the premises, concludes that, because Willams has failed to allege or show any facts that "make out a violation of a constitutional right," *Pearson v. Callahan*, 129 S. Ct. 808, 816 (2009), the motion for summary judgment must be granted on the basis of qualified immunity..

**1. Applicable legal standards.**

> When the defendant seeks summary judgment on the basis of qualified immunity, . . . the plaintiff bears the *initial* burden of proving that: (1) the officer's actions violated a constitutional right, and (2) this right was clearly established at the time of the conduct at issue. *Nelson*, 207 F.3d at 1206 (justifying this special standard based on "the importance of resolving immunity questions at the earliest possible stage in litigation" (quotation omitted)). If the plaintiff makes this two-part showing, the burden *then* shifts back to the defendant to demonstrate "that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law." *Id.* (quotation omitted).

*Amundsen v. Jones*, 533 F.3d 1192, 1198 (10th Cir. 2008) (italics added).

**2. Procedural background.**

Williams, appearing pro se, originally filed suit under 42 U.S.C. § 1983 for alleged violation of his Fourteenth-Amendment rights. *See* Doc. 1. He filed an Amended Complaint on August 26, 2008, however, that did not include most of the factual allegations in his original Complaint. *See* Doc. 24. The Court, therefore, looks only to the Amended Complaint in assessing Williams' claims and does not consider the allegations in the original Complaint "because they were not re-iterated in [his] amended complaint." *Brown v. Saline County Jail*, No. 08-3145, 303 Fed. Appx. 678, 682 n.6, 2008 WL 5257136, **2 n.6 (10th Cir. Dec 18, 2008) (refusing to consider allegations made in pro se plaintiff's § 1983 original complaint against police officers). The Court applies ths principle because "an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (internal quotation marks omitted) (looking only "to the amended complaint in assessing a plaintiff's claim").

**3. Analysis.**

In the Amended Complaint, Williams makes the following allegations: Albuquerque police officers came to his home, asked for his identification, questioned him about a ticket he had received in Socorro, New Mexico, returned several times over a period of days, and later arrested him and put him into detention despite his explanation "during his arrest" that he had "received time served" in 1994 for the ticket. *See* Doc. 24 at 2. He contends that the officers' actions caused him emotional distress, anxiety, embarrassment, and loss of self esteem. *See id.* at 3. Although the Court liberally interprets Williams' allegations, these facts are not sufficient to state a violation of Williams' constitutional rights because there are no allegations, for example, that the officers arrested him without a warrant or engaged in any unconstitutional acts. *See Pearson*, 129 S. Ct. at 816.

In the motion for summary judgment, the City asserts qualified immunity, pointing to documentary evidence in the record indicating that its officers went to Williams' house because there was, in fact, an April 6, 2006 warrant issued for his arrest alleging failure to pay fines in Socorro[1].  *See* Doc. 27, Ex. 1 at 1-3 (incident report); *id.* at 4 (copy of warrant).  Williams has not responded to the motion for summary judgment and has not met his initial burden to show that any officer violated his constitutional rights.  *See Amundsen*, 533 F.3d at 1198.  The City and its officers are entitled to summary judgment based on qualified immunity.  *See Estate of Larsen ex rel. Sturdivan v. Murr*, 511 F.3d 1255, 1264 (10th Cir. 2008) ("[W]ithout the predicate constitutional harm inflicted by an officer, no municipal liability exists.")

**IT IS ORDERED** that the City's *Motion for Summary Judgment* (Doc. 32) is GRANTED and the Amended Complaint is dismissed with prejudice.

**SO ORDERED** this 16th day of July, 2009, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**

---

[1] The City did not argue in its motion for summary judgment that the Amended Complaint failed to state a claim for violation of constitutional rights, and the City has supplied no affidavits to lay a foundation for, or to establish the authenticity of, the incident report or to reiterate under oath the Officer's unsworn statements made therein.  While the Court could have considered an affidavit from the Officer who submitted the incident report, the incident report itself contains inadmissible hearsay, which the Court may not consider on summary judgment as sworn statements.  *See Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) (noting that, on summary judgment, "the content or substance of the evidence must be admissible") (internal quotation marks omitted).  But because Williams has not met his initial burden to establish sufficient facts on which a jury could find a violation of constitutional rights, the Court need not examine whether the City met its summary-judgment burden by submitting a copy of the arrest warrant.  The Court has considered the existence of the arrest warrant as an undisputed fact in this case.